D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

*Attorneys for Plaintiff and putative FLSA Collective Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MAMIE NKATIA-BOATEMA BENNICI, on behalf of herself and all others similarly situated,

               Plaintiff,

  v.

BEMBE INC. and ANTHONY PILIASKAS,

               Defendants.
-----------------------------------------------------------x

**COLLECTIVE ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Mamie Nkatia-Boatema Bennici alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA. This Court has supplemental jurisdiction over New York state law claims brought under the NYCHRL, and NYLL as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3. Defendant Bembe Inc. is a New York Corporation that owns and operates Bembe bar and music venue, located at 81 S. 6th Street, Brooklyn, NY 11211 ("Defendant Bembe").

4. Defendant Anthony Piliaskas ("Defendant Piliaskas") is the owner and operator of Bembe.

5. Plaintiff Mamie Nkatia-Boatema Bennici ("Plaintiff Bennici") was employed by Defendants as a bartender at Bembe from in or about March of 2018 to April 29, 2019.

## FLSA COLLECTIVE ACTION ALLEGATIONS

6. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all bartenders employed by Defendants at Bembe bar and nightclub on or after the date that is three years before the filing of this Complaint ("FLSA Collective").

7. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and unlawfully deducting money from their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

8. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS

### Wage and Hour Facts

9.  Plaintiff's consent to sue form is attached hereto as Exhibit A.

10. Defendants committed the following alleged acts knowingly, intentionally and willfully.

11. Defendants did not pay Plaintiff at least the New York minimum wage for each hour she worked.

12. Defendants were not entitled to pay Plaintiff under the lower minimum wage applicable to food service workers because Defendants did not notify Plaintiff in writing at the beginning of her employment and at the beginning of each year that the minimum wage changed: (a) explaining the full minimum wage, and (b) explaining that they intended to take a specific tip credit, as required under NYLL § 195(1).

13. Defendants did not record Plaintiff's hours worked. Plaintiff, and the other bartenders employed by Defendants, were not required to clock in or out at the beginning and end of their shifts.

14. Plaintiff's paystubs each week indicated a small number of hours, between 8 and 12 hours, irrespective of the actual hours Plaintiff worked during the pay period.

15. Plaintiff typically worked Mondays from 8 p.m. to 4:00 a.m. and on Fridays from 8:00 p.m. to 3:00 a.m., approximately 15-16 hours per week.

16. Plaintiff's paystubs also did not accurately state the rate of pay that she was actually paid.

17. Plaintiff's paystubs generally indicated that she worked between eight and 12 hours during each pay period and was paid approximately $10 per hour. The paystubs also

recorded some amount of tips, though not the actual amount she earned during the pay period, which were taxed. The result was that after withholdings, Plaintiff's paychecks remained at approximately $30 to $45.

18. On Fridays, Defendants would often pay Plaintiff approximately $30 cash as a sort of "shift pay" for her seven-hour shift. Plaintiff would then split the tips earned for the night with the bar back and second bartender on the shift. Defendants did not pay Plaintiff the minimum hourly wage for each hour Plaintiff worked on these days.

19. Defendants also maintained a policy of deducting cash register shortages from bartenders' tips. Defendants occasionally reduced Plaintiff's tips to make up any register shortages perceived by Defendants.

20. Defendants committed the foregoing acts against Plaintiff and the Class Members.

## Race Discrimination Claims

21. Beginning in or about December of 2018, Defendants hired a man named Esras to manage the bar and nightclub.

22. Esras is a non-Black Brazilian.

23. When Esras began managing Bembe, there were three Black bartenders employed by Defendants. Esras fired two of the Black bartenders, including Plaintiff, and, upon information and belief, has replaced them with two non-Black employees.

24. Upon information and belief, Esras also hired a non-Black employee as a hostess, and gave her the more desirable shifts that had been requested by the existing Black hostess.

25. On or about April 29, 2019, Plaintiff came to work and was told by Esras that she was terminated.

26. Esras explained that Plaintiff's termination was the result of customer complaints emailed to him about Plaintiff.

27. Defendants had never mentioned receiving customer complaints to Plaintiff in the past. Plaintiff requested to see the emailed complaints, but Esras refused.

28. During Plaintiff's conversation with Esras in which she was terminated, Esras informed her that owner Anthony Piliaskas had agreed to only reducing Plaintiff's shifts to one shift per week. However, Esras chose to terminate Plaintiff entirely.

29. The allegation that customers emailed complaints about Plaintiff is clearly a pretext to fire Plaintiff and replace her with a non-Black employee.

30. Esras is attempting to get rid of Defendants' Black employees and replace them with White or Latin employees.

### FIRST CLAIM FOR RELIEF
### FLSA Minimum Wage Claims, 29 U.S.C. § 201, *et seq.*,
### Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs

31. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

32. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

33. Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiff the federal minimum wage for each hour worked.

34. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by

the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*
### Brought by Plaintiff on Behalf of Herself

35. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

36. Defendants knowingly paid the Plaintiff less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

37. Defendants did not pay Plaintiff minimum wage for all hours worked.

38. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

39. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## THIRD CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198
### Brought by Plaintiff on Behalf of Herself

40. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41. Defendants did not provide Plaintiff with the notices/wage statements required by N.Y. Lab. Law § 195.

42. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## FOURTH CLAIM FOR RELIEF
### Illegal Deductions from Wages, N.Y. Lab. L. § 193
### Brought by Plaintiff on Behalf of Herself

43.   Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

44.   Defendants illegally deducted money from Plaintiff's tips to cover register shortages.

45.   As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### 42 U.S.C. § 1981 – Race Discrimination
### Brought by Plaintiff on Behalf of Herself

46.   Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

47.   In violation of 42 U.S.C. §1981, Defendants discriminated against and/or aided and abetted discrimination against Plaintiff on the basis of her race and discharged her.

48.   As a direct and proximate result of Defendants' discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

49.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

50. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

51. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
(New York City Human Rights Law ("NYCHRL")
N.Y. Admin. Code §§ 8-101 *et seq.* – Race Discrimination)
Brought by Plaintiff on Behalf of Herself

52. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

53. A copy of this Complaint will be delivered to the New York City Corporation Counsel.

54. In violation of the NYCHRL, Defendants discriminated against and/or aided and abetted discrimination against Plaintiff on the basis of her race and discharged her.

55. As a direct and proximate result of Defendants' discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

56. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

57. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

58. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, prays for relief as follows:

A. An award of damages, according to proof, including back pay and liquidated damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

D. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

E. An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, and punitive damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
September 25, 2019

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640

*Attorneys for Plaintiff and putative FLSA Collective Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial on all causes of action and claims with respect to which she has a right to jury trial.